J-S15002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND FERGUSON, | |
| Appellant | No. 994 EDA 2015 |

Appeal from the PCRA Order Entered March 27, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004659-2013

BEFORE: BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 18, 2016**

Appellant, Raymond Ferguson, appeals *pro se* from the post-conviction court's March 27, 2015 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts of Appellant's case are not necessary to the disposition of his appeal. The PCRA court summarized the procedural history of his case as follows:

> On September 26, 2013, Appellant entered a Negotiated Guilty Plea to Count 1, Possession with Intent to Deliver, and was sentenced to 24 to 48 months[' incarceration] … with credit for time served…. Appellant did not file a direct appeal to the Superior Court.

---

[*] Retired Senior Judge assigned to the Superior Court.

On August 11, 2014, Appellant filed a timely *pro se* PCRA petition alleging that his attorney was ineffective for permitting him to enter a guilty plea because "… the guilty plea was not knowingly, willingly, and voluntarily entered, due to [layered] claims of ineffective assistance of counsels and judge's involvement in plea agreement?" [sic] (Averment number 5A of Appellant's *pro se* "Motion for Post Conviction Collateral Relief").

On August 14, 2014, the court appointed Scott Galloway, Esquire as PCRA counsel. Subsequently, on February 17, 2015, Mr. Galloway, Esquire filed a "No Merit" letter and application to withdraw pursuant to … **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988)[, and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)].

…

On February 18, 2015, an Order was entered granting Mr. Galloway's application to withdraw and providing [] Appellant with Notice of Intent to Dismiss the PCRA Petition without a Hearing. On March 3, 2015, [] Appellant filed a *pro se* response to the Notice of Intent to Dismiss PCRA Petition without a Hearing. On March 27, 2015, an Order was entered denying Appellant's PCRA Petition. On April 9, 2015, [] Appellant timely filed a Notice of Appeal to the Superior Court. On June 16, 2015, the undersigned issued an opinion pursuant to Pa.R.A.P. 1925(a).

On July 31, 2015, the Pennsylvania Superior Court filed an Order remanding the case to the undersigned for a period of ninety days. The PCRA court was directed to provide documents and notes of testimony that the PCRA court deemed necessary to Appellant. The PCRA court complied with the Court's Order in a response dated August 5, 2015, which outlined the details of the compliance. In addition, [] Appellant was permitted to file with the PCRA court a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), within twenty-one (21) days of the date that said documents and notes of testimony were received by Appellant. The records were sent certified to [] Appellant by the PCRA court and the U.S.P.S. green card came back as delivered on August 10, 2015 which would have placed a deadline on [] Appellant of August 31, 2015[, to file his Rule 1925(b) statement]. Therefore, [] Appellant filed his Statement of Matters Complained of on Appeal untimely on September 8, 2015.

PCRA Court Opinion (PCO), 10/9/15, at 2-4 (footnote omitted).[1]

Initially, we note that there is no indication on the PCRA court's docket that an order was issued directing Appellant to filed a Rule 1925(b) statement. Consequently, we decline to find his issues waived based on the purported untimeliness of the *pro se* Rule 1925(b) statement he filed on September 8, 2015. We will address the merits of the two issues Appellant raises herein, which are as follows:

> [I.] Whether Appellant's guilty plea was voluntary because he entered the plea under duress?

> [II.] Whether pre-trial/plea hearing counsel rendered ineffective assistance by failing to object to the plea hearing/sentencing judge['s] utilizing the school zone [sentencing] enhancement, where as the record of plea colloquy is devoid of any reference to the element of school zone enhancement as required under … 18 Pa.C.S.A. [§] 6317(b), and for failing to request that the conflict between [counsel] and Appellant be fully discussed on the record, instead of the sidebar?

Appellant's Brief at 4.

First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)).

---

[1] While the PCRA court deemed Appellant's Rule 1925(b) statement untimely filed, it nevertheless discussed the issues he raised. **See** PCO at 4-9.

Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

In the argument portion of his brief, Appellant essentially contends that he was coerced into pleading guilty by his attorney(s) and the trial court.[2] He explains that his attorney at the preliminary hearing "erroneously told [Appellant] that if he waived his [right to a] preliminary hearing[,] he

---

[2] It seems that Appellant had three different attorneys, one who represented him at the preliminary hearing stage; one who represented him at a short hearing on September 26, 2013 (discussed in detail, *infra*), and one who represented him at the plea/sentencing proceeding later in the day on September 26, 2013.

- 4 -

would receive a 1 to 2 year sentence," which "manipulated [Appellant] into pleading guilty." Appellant's Brief at 9. He further claims that his attorney at the plea proceeding informed him that the Commonwealth was offering a negotiated sentence of 2 to 4 years' incarceration, at which point he told his counsel that "he was no longer interested in taking a deal, and he felt that he was being pressured and coerced into pleading guilty…." *Id.* at 10. Appellant avers that his plea counsel stated, "just take the deal or you're going to get the max." *Id.* He further contends that the court improperly participated in the plea bargaining process by telling Appellant that, "he had no more time left to decide, and that [Appellant] had to just take the deal." *Id.* at 10. According to Appellant, he "felt that he had no choice but to plead guilty, and did exactly as he was told." *Id.*

We acknowledge that the record does support that prior to the plea proceeding, Appellant told his attorney and the court that he did not want to plead guilty. Specifically, the record indicates that two hearings were conducted on September 26, 2013, and at the first, brief proceeding, the following was stated:

> [The Commonwealth]: Your Honor, if we could address the Commonwealth vs. Raymond Ferguson, it is #15 on this week's list, Transcript #4659 of '13. … [Appellant] is present and represented by counsel.
>
> [Plea Counsel]: Good afternoon, Your Honor. Kaitlyn Searls … on behalf of [Appellant] who is present and standing to my left.
>
> [The Commonwealth]: Your Honor, the Commonwealth has conveyed an offer in this matter which will remain open for the time being. It's my understanding [Appellant] does not wish to

enter a plea at this time. So, I believe the Defense is asking for a trial date.

[Plea Counsel]: That's correct, Your Honor. And additionally, we will be filing a Conflict Motion in this case. [Appellant] believes that he waived his Preliminary Hearing and -- can we see you in sidebar?

N.T. Hearing, 9/26/13, at 3-4. After a two-minute sidebar, which was not transcribed, the proceeding ended abruptly, with no further discussion. *See id.* at 4.

Apparently, later that same day, the parties again appeared before the court for Appellant to enter a guilty plea. Notably, a different attorney entered her appearance on behalf of Appellant at this later proceeding. *See* N.T. Plea/Sentencing Hearing, 9/26/13, at 3 (Denise McCrae, Esquire, entering her appearance on Appellant's behalf). The Commonwealth stated that the parties had reached a plea agreement, and it explained to the court the terms of that agreement, including a sentence of 2 to 4 years' incarceration. *Id.* at 4. The trial court then conducted a standard oral colloquy of Appellant, at one point asking him if he heard the terms of the plea deal and agreed to them. *Id.* at 6. Appellant stated, "Yes." *Id.* The court explained Appellant's rights to him, the burden of proof the Commonwealth would face if he proceeded to trial, and the rights that he was waiving by pleading guilty. *Id.* at 6-9. The court stated that Appellant's offense carried a maximum sentence of 10 years' imprisonment and a fine of $100,000. *Id.* at 8. Appellant confirmed that his counsel reviewed the written plea colloquy with him "line-by-line and paragraph-by-

paragraph[,]" and that he initialed next to each paragraph on that colloquy and signed it at the end. *Id.* at 9-10.

Moreover, near the end of the colloquy, the court asked Appellant whether his decision to enter the plea was made "freely and voluntarily," to which Appellant stated, "Yes." *Id.* at 10. The court also asked, "Did anybody threaten you or promise you anything in exchange for the plea?" and Appellant replied, "No." *Id.* at 10-11. Ultimately, the court accepted Appellant's plea, finding it to be "knowing, intelligent and voluntary." *Id.* at 11. Upon agreement of the parties to immediately proceed to sentencing, the court asked Appellant if there was "anything [he] want[ed] to say before [the court] impose[d] sentence?" to which Appellant replied, "[n]ot really" and then, "no." *Id.* at 12. The court then sentenced Appellant to the negotiated term of 2 to 4 years' incarceration. *Id.* at 12-13. Appellant stated he understood the sentence and had no questions about it. *Id.* at 13.

At no point during the guilty plea colloquy or sentencing did the court or plea counsel make any comments that could be interpreted as coercive. Additionally, Appellant never expressed any reservations about pleading guilty, uncertainty about the negotiated sentence, or concerns regarding the representation of his attorney or the alleged participation of the court in the plea negotiation process. This record does not demonstrate that Appellant's counsel acted ineffectively, that the court improperly interfered with the plea negotiation process, or that Appellant's guilty plea was involuntary, unknowing, or unintelligent. Accordingly, Appellant's first issue is meritless.

Next, Appellant argues that his counsel acted ineffectively by not objecting to the court's imposition of a mandatory minimum sentence under 18 Pa.C.S. § 6317 (Drug-free school zones), where the Commonwealth did not present any evidence that Appellant's offense was committed within 1,000 feet of a school.

The record does not support Appellant's claim that the court imposed a mandatory minimum sentence pursuant to section 6317.[3] The Commonwealth did not reference a mandatory minimum sentence or section 6317 when it explained the terms of the negotiated plea agreement, and the court likewise made no mention of this statute or a mandatory term of incarceration when imposing the agreed-upon sentence. *See* N.T. Plea/Sentencing Hearing at 3-4; 12-13. Indeed, at no point during the plea/sentencing proceeding did anyone refer to section 6317, or even indicate that Appellant sold drugs within a school zone.

Appellant does correctly note that the "Guideline Sentence Form" has a checkmark next to the words "School/Drug Distribution" in the box labeled "Enhancement." *See* Guideline Sentence Form (Trial Court Docket Entry 8). However, there is no other indication on that form that a mandatory

---

[3] We acknowledge that recently, in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), our Supreme Court deemed 18 Pa.C.S. § 6317 unconstitutional in its entirety, as that statute violates the rule set forth in *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013) (holding that a jury must find, beyond a reasonable doubt, any facts that trigger the application of a mandatory minimum sentence).

sentence was applied. Most notably, nothing is written in the boxes labeled "Mandatory Minimum" or "Mandatory." Presumably, if Appellant's sentence was imposed under 18 Pa.C.S. § 6317, as he claims, that statute would be set forth in one, or both, of those boxes.

Additionally, the written plea colloquy completed by Appellant demonstrates that no mandatory minimum sentence was applied. Specifically, that form left blank spaces where it would have set forth any applicable mandatory minimum sentence, and stated only that "the maximum penalty for this crime is 10 [years] in jail and a $100,000 fine." **See** Guilty Plea Colloquy, 9/26/13, at 3 (unpaginated). Based on this record, Appellant has failed to prove that the court imposed a mandatory minimum sentence under 18 Pa.C.S. § 6317. Consequently, counsel cannot be deemed ineffective for not objecting to the Commonwealth's failure to present evidence that Appellant was arrested within 1,000 feet of a school zone.

Finally, within his second issue, Appellant also alleges that his attorney at the initial proceeding on September 26, 2013, ineffectively "failed to request that the conflict between her and Appellant be discussed in full on [the] record, where an actual conflict existed." Appellant's Brief at 14. He baldly asserts that "the conflict caused Appellant to plead guilty." **Id.** at 12. However, Appellant fails to argue, let alone prove, that he was prejudiced by counsel's conduct. Namely, it is apparent that Appellant received new counsel prior to the plea proceeding and sentencing. He offers no discussion

of what conflict existed with his initial attorney, or explain how that impacted the voluntariness of his decision to plead guilty. He also offers no legal authority, or even discussion, to support his bald allegation that counsel erred by discussing the conflict with the court at a sidebar, rather than on the record. In light of the fact that Appellant received new counsel prior to entering his plea, and the record demonstrates that his plea was knowing, intelligent, and voluntary, Appellant has not proven that counsel acted ineffectively in this regard.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2016